[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 8, 2006
THOMAS K. KAHN
CLERK

No. 05-15172
Non-Argument Calendar

_____

BIA No. A78-317-718

PAVLIN FRROKU,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 8, 2006)**

Before EDMONDSON, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Pavlin Frroku, a native and citizen of Albania, petitions for review of the affirmance by the Board of Immigration Appeals ("BIA") of the decision of the Immigration Judge ("IJ"). The decision denied asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[1] No reversible error has been shown; we deny the petition.

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without an opinion. See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). An IJ's factual determination that an alien is not entitled to asylum "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "Under this highly deferential test, we affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation and alteration omitted). "To reverse the IJ's fact

---

[1]On appeal, Frroku does not offer argument on the denial of withholding of removal or CAT relief; therefore, these claims are abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that petitioner abandons issue by failing to offer argument on that issue).

findings, we must find that the record not only supports reversal, but compels it."

Mendoza, 327 F.3d at 1287.

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

Frroku testified that he was an active member of the Democratic Party in Albania and that he organized meetings to support the Democratic Party. In 1998, the police came to one of Frroku's meetings and "beat [him] up." Frroku did not experience additional problems until June 2001, when three men entered an Albanian polling station that Frroku and his uncle were observing and exchanged the ballot boxes. After Frroku told the men that the ballot boxes should not be touched, the police took Frroku and his uncle to the police station and beat them. The police also threatened Frroku; but they released Frroku and his uncle the next day.

In October 2001, the police interrupted a Democratic Party meeting; and they took Frroku to the police station, where they held him for two days and beat

him.  In April 2002, Frroku and his uncle attended a meeting of Democratic Party supporters.  When the police entered the meeting, Frroku ran away; and he later left Albania.  After Frroku arrived in the United States, his parents, who remained in Albania, told him that the police had come to their house two or three times looking for him.  No charges were ever brought against Frroku; but his parents had received a summons for him to appear in court.

Substantial evidence supports the determination that Frroku failed to meet his burden that he had been persecuted, or that he faced a well-founded fear of future persecution, on a protected ground.[2]  "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . . mere harassment does not amount to persecution."  Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotation omitted).  "To qualify as persecution, a person's experience must rise above unpleasantness, harassment, and even basic suffering."  Nelson v. INS, 232 F.3d 258, 263-64 (1st

---

[2]The IJ noted that some of Frroku's testimony was inconsistent with his asylum application and that, although these differences were not major inconsistencies, they did hinder his overall credibility.  Because an IJ must make a clean determination of credibility, we will assume that the IJ's statement about Frroku's credibility was not dispositive of Frroku's claims in this case.  See Yang v. U.S. Attorney Gen., 418 F.3d 1198, 1201 (11th Cir. 2005) (noting that an IJ's comments that the petitioner's claims were a "ridiculous fabrication" and that her testimony was "extremely inconsistent and made absolutely no sense whatsoever" was not an explicit finding that the petitioner's testimony was not credible).

Cir. 2000) (determining that "three episodes of solitary confinement of less than 72 hours, each accompanied by physical abuse" did not constitute persecution).

Detention does not necessarily rise to the level of persecution. Zheng v. U.S. Attorney Gen., 451 F.3d 1287, 1290-91 (11th Cir. 2006) (concluding that petitioner's claim of five-day detention in China did not constitute persecution); see also Dandan v. Ashcroft, 339 F.3d 567, 573-74 (7th Cir. 2003) (determining no persecution when petitioner was detained for three days without food during which time he was beaten, resulting in swollen face); Prasad v. INS, 47 F.3d 336, 339 (9th Cir. 1995) (no persecution when petitioner was held in detention for four to six hours, hit in the stomach, and kicked from behind); Kapcia v. INS, 944 F.2d 702, 704, 708 (10th Cir. 1991) (concluding that no persecution existed where petitioner was "arrested four times, detained three times, and beaten once"). Frroku did not testify that he was injured by the police; and he was not charged with a crime. His claim of brief detentions over a period of a few years does not compel us to reverse the IJ's conclusion that this conduct was insufficient to demonstrate past persecution.

Substantial evidence also supports the conclusion that Frroku did not demonstrate a well-founded fear of future persecution. As the IJ noted, Frroku failed to show that his summons was connected to his participation with the

Democratic Party.  See Sepulveda, 401 F.3d at 1231 (explaining that, to demonstrate a well-founded fear of future persecution, the alien must "establish a causal connection between the political opinion and the feared persecution").  Therefore, the evidence does not compel the conclusion that Frroku is eligible for asylum.

PETITION DENIED.